IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00521-GPG

JAH FREDERICK NATHANIEL MASON, III,

      Plaintiff,

v.

CLEAR CREEK COUNTY SHERIFF,
RACHEL OLGUIN-FRESQUEZ, Judge,
BRYAN BARETT,
BRUCE I. BROWN,
JOHN DOE MANITOU SPRINGS POLICE OFFICER, and
SCOTT MARTINEZ,

      Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Jah Frederick Nathaniel Mason, III, resides in Denver, Colorado. Mr. Mason initiated this action by filing a Complaint (ECF No. 1) on the court-approved form, asserting a deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. Mr. Mason has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court must construe the Complaint liberally because Mr. Mason is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the Prisoner Complaint and has determined that it is deficient. For the reasons discussed below, Plaintiff will be ordered to file an Amended Complaint if he wishes to proceed in this action.

1

## I. The Complaint

Mr. Mason alleges in the Complaint that in October 2008, he received a full favorable disability determination by a United States Magistrate Judge.  He states: "The basis of my claim was religious (canonical) in nature.  In short, I discovered a positive correlation between the Bible's description of four Satanic beast, and the images that appear on the seals used by government agencies." (ECF No. 1 at 3).

Plaintiff alleges that in September or October 2012, he was stopped while driving in Clear Creek County and was ticketed for driving without a license and speeding (Case No. 2012 T976).  Due to personal circumstances, Plaintiff missed the court date in Clear Creek County and a bench warrant issued.

Plaintiff further alleges that in December 2012, while he was parked in a rest area in Manitou Springs, Colorado, Defendant John Doe Manitou Springs Police Officer arrested him because of the outstanding warrant in Clear Creek County.   Mr. Mason was taken to the El Paso County Jail and then transferred to the Clear Creek County Jail on December 21, 2012.  In January 2013, Plaintiff was released on a PR bond.  At a pre-trial hearing, Defendant Olguin-Frequez presided, while Defendant Garrett, a deputy district attorney, represented the People, under the direction of Defendant Brown, the Clear Creek District Attorney.   Plaintiff argued that there was no probable cause for his arrest.  When Mr. Mason failed to appear for the June 25, 2014 trial, another bench warrant issued and he was arrested when he did appear.  Mr. Mason was detained at the Clear County Jail until he bonded out on August 25, 2014.  On October 21, 2014, the case in Clear Creek County was dismissed because of Plaintiff's "canonical disability."  (ECF No. 1 at 7).

On December 10, 2013, Plaintiff was issued a citation in Denver, Colorado, for driving without a valid license, without valid plates or insurance, and driving under restraint.   Defendant Scott Martinez, a Denver City Attorney requested that Plaintiff be evaluated at the Denver psychiatric unit.    A physician concluded that Plaintiff was incompetent to proceed on the basis of his "canonical disability."  The Denver case was thereafter dismissed on March 17, 2015.  Mr. Mason asserts that there was no probable cause to maintain the case against him.

Finally, Mr. Mason alleges that in January 2014, he was parked one the street at a meter in  in Denver, Colorado, when a passing meter maid stopped and asked him about a sign in the back of his car that read, "Mason v. Obama."  (ECF No. 1 at 7).  The meter maid asked Plaintiff why he was suing Obama and wrote him a ticket.  She then called the police to tow his car.

Mr. Mason asserts claims against the Defendants for unreasonable search and seizure, false imprisonment, and malicious prosecution, in violation of the Fourth Amendment, as well as First Amendment claims of religious persecution and retaliation for exercising his free speech rights.  He requests monetary relief.

## II.  Analysis

### A.  Judicial Immunity

Mr. Mason's § 1983 claims for damages against Defendant Olguin-Fresquez, a state court judge, appear to be barred by judicial immunity.  Judges are absolutely immune from a civil rights suit based on actions taken in their judicial capacity, unless they acted in the clear absence of all jurisdiction.  *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d

1263, 1266-67 (10th Cir. 1994).  Judicial immunity "is not overcome by allegations of

bad faith or malice," *Mireles*, 502 U.S. at 11, or an assertion that the judge acted in error

or exceeded his authority, *see Stump*, 435 U.S. at 1105.   Further, a judge acts in the

clear absence of all jurisdiction only when he "acts clearly without any colorable claim of

jurisdiction."  *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir.1990).

Mr. Mason does not state any facts in the Complaint to indicate that Defendant

Olguin-Fresquez was acting outside of her judicial capacity.

### B.  Prosecutorial Immunity

Plaintiff's constitutional claims against Defendants Barett, Brown and Martinez

appear to be barred by prosecutorial immunity.  Prosecutors are entitled to absolute

immunity in § 1983 suits for activities within the scope of their prosecutorial duties.  *See

Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976); *see also Butz v. Economou*, 438 U.S.

478, 504 (1978).   Initiating and pursuing a criminal prosecution are acts are "'intimately

associated with the judicial process'"  *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir.

1990) (quoting Imbler, 424 U.S. at 430).

Plaintiff' does not state any facts in the Complaint to suggest that the actions

taken by the Defendant prosecutors were outside the scope of their prosecutorial duties.

### C.  Personal Participation

Mr. Mason fails to allege facts to show that Defendant Clear Creek County

Sheriff, was personally involved in a deprivation of his constitutional rights.  Personal

participation is an essential element in a civil rights action.  *See Bennett v. Passic*, 545

F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

There must be an affirmative link between the alleged constitutional violation and each

defendant's participation, control or direction, or failure to supervise. *See Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir.2009) (citations and quotations omitted); *Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010). A supervisor can only be held liable for his or her own deliberate intentional acts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."); *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[Section] 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").

Mr. Mason alleges only that unspecified policies implemented by Don Krueger, the Clear Creek County Sheriff, caused him to be imprisoned "for exercising his religion as well as depriving [him] of other civil rights and liberties." (ECF No. 1 at 2). However, Plaintiff's conclusory allegation is insufficient to show that the Defendant Sheriff was personally involved in the alleged constitutional deprivations.

### D.  Claims against John Doe Defendant

Plaintiff asserts that the John Doe Defendants Manitou Springs Police Officer "used threats to coerce [him] into giving him information which lead to [his] arrest for a crime he did not commit." (ECF No. 1 at 2). Mr. Mason further alleges that the John Doe police officer arrested him because of the outstanding warrant in Clear Creek County.

To state a Fourth Amendment violation, Mr. Mason must allege facts to show that the Defendant lacked probable cause to arrest him. *See e.g. Wilkins v.* DeReyes, 528

F.3d 790, 798 (10th Cir. 2008); *Taylor v. Meachum*, 82 F.3d 1556, 1561-62 (10th Cir. 1996).

Plaintiff's allegations that he was arrested upon being notified of the outstanding bench warrant issued by Clear Creek County suggest that there was probable cause for his arrest. *See Smyth v. City of Lakewood,* 83 F.3d 433, 1996 WL 194715, at *4 (10th Cir.1996) (unpublished) ("The officer is not required by the Fourth Amendment to obtain a copy of the warrant, research supporting documentation, or go behind the facial validity of a warrant before making the arrest."); *Romero v. Fay,* 45 F.3d 1472, 1476 (10th Cir.1995)( "Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense.")).

Notwithstanding the deficiencies of the Complaint, the Court will afford Mr. Mason an opportunity to amend his pleading to include any additional facts known to him that may support an arguable claim for relief under § 1983.  Accordingly, it is

ORDERED that Plaintiff, Jah Frederick Nathaniel Mason, III, file **within thirty (30) days from the date of this order,** an Amended Complaint on the court-approved Complaint form that corrects the deficiencies of the original Complaint, if he wishes to proceed in this action.  It is

FURTHER ORDERED that the Clerk of the Court shall mail to Plaintiff a copy of the Complaint form, along with the applicable instructions.  It is

FURTHER ORDERED that, if Mr. Mason fails to file an Amended Complaint on the court-approved Complaint form within the time allowed, the Court will dismiss this action without further notice for the reasons discussed above.

DATED March 4, 2016March 4, 2016, at Denver, Colorado.

BY THE COURT:

s/ Gordon P. Gallagher

United States Magistrate Judge